Baldwin, J.
delivered the opinion of the Court,
The Court is of opinion, that the purchase by Joseph Carr of the slaves in controversy, in the summer of the year 1821, has not been successfully impeached on the ground of fraud in fact. It was bona fide and honestly made, for a full and fair price, at a sheriff’s sale of the *354 property under an execution against Henly Boggess, for purpose of obtaining reimbursement of the sum of 2000 dollars, which had been advanced by said Carr, and paid over to Joseph Janney the creditor in the execution> ^11 Part satisfaction thereof; and irregularities in the said sale, if any, did not affect the validity thereof; the same having been acquiesced in by both the plaintiff and the defendant in the execution.
And the Court is further of opinion, that it is unnecessary to decide in the present case, whether as a general rule, where possession does not accompany and follow a sale of personal property, the continued possession of the vendor is, in regard to creditors, to be treated as only prima facie evidence of fraud, and liable to be explained by satisfactory proof that the transaction was fair and bona fide, or is to be treated as conclusively fraudulent in law. If the latter proposition be true, it is not applicable to the present case, inasmuch as the alleged creditors acquired no specific lien upon the property by judgment and execution, before possession thereof was recovered by said Carr’s adm’rs in their action of detinue against said Boggess.
And the Court is further of opinion, that the plaintiffs have no right as creditors to subject the said slaves in the hands of the representatives of said Carr, by subrogation to the alleged lien of said Janney, inasmuch as the said Janney had in truth no lien to which they could be subrogated. The lien which a creditor acquires by a levy of his execution upon personal property is, if not enforced by a sale thereof, only temporary; and expires with the authority to sell under the execution. And the said Janney, at no time after the purchase of said Carr, sought to enforce the levy of his execution, but abandoned the same altogether; and in fact the purchase of said Carr was with his assent, or at least his acquiescence; and the plaintiffs themselves allege that one of them, and the intestate of the other, afterwards *355 became the purchasers of the property, by their incumbrance from said Boggess of the 26th of July 1828.
And the Court is further of opinion, that the plaintiffs have acquired no right as purchasers, by their said incumbrance of the 26th of July 1828, to subject the said property in the hands of the representatives of said Carr, because one of them, and the intestate of the other, had notice of the purchase of said Carr, at the time of taking said incumbrance. It is not pretended in the bill that they had not such notice, and the fact of such notice appears to the satisfaction of the Court from the whole circumstances of the case. But the Court does not mean to express an opinion as to the effect of such a notice in cases of sales fraudulent in fact.
The Court, therefore, without deciding whether it has been shewn that the plaintiff Penquite, and the intestate of the plaintiff Glasscock, were fair and bona fide creditors of, or purchasers from, said Boggess, is of opinion that the plaintiffs have not, in either character, established any right to the relief which they seek; and that the decree of the said Circuit Court is erroneous. It is therefore adjudged, ordered and decreed that the sanie be reversed and annulled, with costs. And the Court proceeding to render such decree as the said Circuit Court ought to have rendered, it is further adjudged, ordered and decreed that the bill of the plaintiffs be dismissed,' with costs.